UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JOSEPH KENNETH NEAL,

                Plaintiff,

          - against-

PETER PAN BUS LINE,

                Defendant.
---------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
17-CV-6863 (PKC)(LB)

PAMELA K. CHEN, United States District Judge:

On November 21, 2017, Plaintiff Joseph Kenneth Neal filed this *pro se* action against Defendant Peter Pan Bus Line. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the limited purpose of this Order. For the reasons discussed below, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff's Complaint appears to allege a breach of contract. In the space in the complaint form to allege a basis for federal jurisdiction, Plaintiffs states: "I did not get what I paid for." (Dkt. 1, at 4.) Plaintiff alleges that he bought a round-trip bus ticket between New York City and the District of Columbia and that the return bus scheduled to arrive in New York at 8:20 p.m. did not actually arrive until 9 p.m. (*Id.*) He asserts that, as a result of the late arrival, he missed the curfew at the homeless shelter and lost his bed for several days. (*Id.* at 5-6.) During this time, he was unable to shower or change his clothes. (*Id.* at 6.) Plaintiff seeks $531 in damages for his "[f]rustration and inconvenience." (*Id.* at 5.)

## STANDARD OF REVIEW

Plaintiff's complaint is subject to review under 28 U.S.C. § 1915(e)(2)(B). Pursuant to the *in forma pauperis* statute, a district court shall dismiss a case if it determines that the action, *inter*

*alia*, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Federal question jurisdiction may be properly invoked only if the plaintiff's complaint "plead[s] a cause of action created by federal law" or "turn[s] on substantial questions of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).

## DISCUSSION

Plaintiff does not allege that this Court has subject-matter jurisdiction over his claim that the Peter Pan bus he was riding on arrived later than the scheduled time. Even if the late arrival could be considered a breach of contract actionable under state law, this Court does not have jurisdiction over that claim. Although the citizenship of the parties is diverse, Plaintiff asserts damages of $531, well below the $75,000 minimum amount in controversy necessary to establish

diversity jurisdiction. As Plaintiff does not suggest any other basis for federal jurisdiction, the case is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED:

 /s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: December 1, 2017
      Brooklyn, New York